**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0668-16T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

M.B.,

    Defendant-Appellant,

and

R.C., C.B., and F.D.,

    Defendants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF B.B., R.C., Jr.,
and F.D., Jr.,

    Minors.

_____

        Submitted September 13, 2017 — Decided September 29, 2017

        Before Judges Manahan and Suter.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Somerset
        County, Docket No. FG-18-0106-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Beryl Foster-Andres, Designated Counsel, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel; Lea C. DeGuilo, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors B.B., R.C., and F.D. (Melissa R. Vance, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant M.B. appeals from a Family Part order dated September 28, 2016, terminating her parental rights to her three minor children, B.B., R.C., Jr., and F.D., Jr. The same Judgement of Guardianship also terminated the parental rights of C.B. and R.C., the fathers of B.B. and R.C., Jr., respectively, and F.D., the father of F.D., Jr. C.B. and R.C. have not appealed.[1] We affirm substantially for the reasons set forth in Judge Kimarie Rahill's comprehensive and well-reasoned seventeen-page written opinion issued with the order.

The evidence is set forth in detail in the judge's opinion. A summary will suffice here. Since September 10, 2008, the two older children have resided with their maternal grandparents. The youngest child, who tested positive for methamphetamine at birth, has resided with the maternal grandparents since birth in 2012. Defendant resided

---

[1] On or about September 30, 2015, the Division of Child Protection and Permanency learned about the passing of F.D.

at the home with the children until she relocated without the children to Alaska.

Defendant has suffered from a long-standing history of substance abuse and mental health issues, which has negatively impacted all three children. Despite the Division of Child Protection and Permanency's (Division) provision to defendant of services, she has not completed substance abuse treatment and she has not engaged in mental health services. Nor has defendant complied with court recommendations to attend counseling and psychiatric care. Further, defendant has not offered a plan for the children regarding living arrangements and has engaged in a pattern of willful lack of contact with her children for sustained periods of time.

The Division has been involved with defendant since 2008. After a permanency hearing in August 2015, the judge approved the Division's plan for termination of parental rights and adoption due to defendant's continued abuse of illegal drugs. The judge further found kinship legal guardianship (KLG) with the maternal grandparents was logically necessary and sufficient because the children had resided with their grandparents for several years, and were in desperate need of permanency.

Following case management hearings in March and June 2016, a guardianship trial was held before Judge Rahill on September 26 and 27. Defendant appeared at each trial date. C.B. and R.C. did not

A-0668-16T1

appear. A Division caseworker and a psychologist, qualified as an expert in clinical psychology, parenting assessment and bonding, testified on the Division's behalf. The psychologist opined that the children were in a secure environment and expressed a desire to be adopted by their grandparents. Since adoption was a feasible solution, KLG was not available as an alternative to termination of parental rights. N.J. Div. of Youth & Family Servs., 180 N.J. 494, 499 (2004). At the conclusion of trial, the parties gave oral summations, including the Law Guardian, which supported the Division's application for termination of parental rights followed by adoption by the maternal grandparents.

Judge Rahill's opinion gave thoughtful attention to the importance of permanency and stability "from the perspective of the child's needs," and found the Division had established by clear and convincing evidence, statutory grounds for termination of defendant's parental rights. Furthermore, the judge found the Division had proven all four prongs of the best interests test, N.J.S.A. 30:40C-15.1(a), which, in the best interest of the children, mandates termination of parental rights. In re Guardianship of K.H.O., 161 N.J. 337 (1999).

On this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)

(citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).  We conclude the factual findings by the judge are fully supported by the record and the legal conclusions drawn therefrom are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION